UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHAU D HO-HUYNH TU NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-199 |
| | § | |
| BANK OF AMERICA, NA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Plaintiff has filed an "Emergency Motion for Temporary Restraining Order and Request for Immediate Ex Parte Hearing," Dkt. 1, 2. Plaintiff, who is pro se, seeks an *ex parte* temporary restraining order ("TRO") from this Court preventing the foreclosure sale of Plaintiff's home. While the Court is sympathetic to the distressing circumstances detailed by Plaintiff, the request for an *ex parte* TRO is **DENIED**.

"To obtain a temporary restraining order or preliminary injunction, a plaintiff must establish the following elements by a preponderance of the evidence: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that irreparable injury will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest." *Khan v. Fort Bend Independent School District*, 561 F. Supp. 2d 760, 763 (S.D. Tex. 2008) (citing *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)). After reviewing the Motion, the Court finds that Plaintiff has failed to provide

sufficient evidence to allow the requested injunctive relief at this time. Significantly, Plaintiff pleads that the Bank itself, not Plaintiff, is the current "owner" of the home, and that the foreclosure sale is scheduled for July 4, 2017 after being delayed for several years. There is no discussion of any possible harm to the Defendant, or how the threatened injury to Plaintiff outweighs that possible harm.

Further, there is no support for Plaintiff's request that the TRO be issued *ex parte*, without notice to the Defendant. The Federal Rules of Civil Procedure plainly state that a court may issue a temporary restraining order without notice to the other party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1). Further, the Court's order must "describe the injury and state why it is irreparable [and] state why the order was issued without notice[.]" FED. R. CIV. P. 65(b)(2).

"A TRO is an equitable remedy, and one who seeks equity must do equity, which in this instance includes fulfilling one's obligation to communicate with adverse parties." *Camber Energy, Inc. v. Discover Growth Fund, & Fifth Third Securities, Inc.,* CV H-17-1436, 2017 WL 1969682, at *1 (S.D. Tex. May 11, 2017) (Lake, J.) (considering "the timing of the motion, the relationship between the parties, the threat that Camber describes, and whether any alleged injury is irreparable," and noting, "Camber filed a fifty-page Petition supported by an affidavit signed on May 5, 2017. These filings

required time to prepare, yet there is no evidence that Camber attempted to notify Defendants in an attempt to avert the alleged disaster."); *see also Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22, 129 S. Ct. 365, 172 L.Ed. 2d 249 (2008) (noting, "[i]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

## CONCLUSION

Accordingly, Plaintiff's motion for an *ex parte* TRO and emergency hearing is **DENIED**.

SIGNED at Galveston, Texas, this 22nd day of June, 2017.

_____
George C. Hanks Jr.
United States District Judge